UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------x
JIMMY STEFANOPOULOS,

                      Plaintiff,                  01-CV-0771 (SJ)(VVP)

  - against -                              MEMORANDUM
                                                     AND ORDER
CITY OF NEW YORK, DETECTIVE
STUKONIS, AND UNIDENTIFIED NEW
YORK CITY POLICE OFFICERS,

                      Defendants.
----------------------------------------------------------x
A P P E A R A N C E S:

BERNARD OUZIEL, ESQ.
13 Schoolhouse Lane
Great Neck, NY 11020
Attorney for Plaintiff

MICHAEL A. CARDOZO
Corporation Counsel of the City of New York
100 Church Street, Room 3-226
New York, NY 10007
By:    Rachel Amy Seligman
Attorney for Defendants


JOHNSON, Senior District Judge

        Plaintiff Jimmy Stefanopoulos ("Plaintiff") brought this action for money damages against the City of New York ("the City"), Detective Stukonis ("Stukonis") and unidentified New York City Police Officers ("NYPD officers") (collectively, "Defendants") pursuant to 42 U.S.C. § 1983 ("§ 1983") and New York State tort law. This Court granted Defendants' Motion for Summary Judgment. Currently before this Court is Defendants' Motion for Reconsideration pursuant to Federal Rules of Civil Procedure 60(b)(6). For the reasons explained below, Plaintiff's motion is DENIED.

**Factual and Procedural Background**

On November 11, 1999, Plaintiff owned and operated a social club located at 41-04 99th Street in Corona, New York (Defs.' Mem. Law Supp. Summ. J. at 2; Stefanopoulos Dep. Part 1 at 96, 123-24).[1] Although Plaintiff did not have a license to distribute or sell alcoholic beverages, he served alcohol to patrons (Defs.' Mem. Law Supp. Summ. J. at 2; Stefanopoulos Dep. Part 1 at 83, 90-91, 106, 109). At approximately 7:00 p.m. on November 11, 1999, approximately ten uniformed NYPD officers entered Plaintiff's club pursuant to a valid search warrant (Defs.' Mem. Law Supp. Summ. J. at 2; Stephanopoulos Dep. Part 1 at 96; Criminal Complaint). Plaintiff was searched and an illegal switchblade was recovered from his person (Defs.' Mem. Law Supp. Summ. J. at 2; Stephanopoulos Dep. Part 1 at 110-11). Plaintiff was subsequently placed in handcuffs and transported to the 110th Precinct, where officers informed him that his arrest was for illegally carrying a knife and selling liquor without a license (Defs.' Mem. Law Supp. Summ. J. at 2-3; Stephanopoulos Dep. Part 1 at 118, 124-25, 131).

On July 26, 2004, Defendants filed the instant Motion for Summary Judgment. Defendants' proffered grounds for summary judgment were that: (1) the existence of probable cause to arrest and to prosecute Plaintiff precluded his claims for false arrest and malicious prosecution; (2) Stukonis was entitled to qualified immunity from liability; (3) Plaintiff's Complaint failed to state a claim for excessive force; (4) Plaintiff's claim

---

[1] This opinion references information contained in the following documents: Defendants' Memorandum of Law in Support of Their Motion for Summary Judgment, dated July 26, 2004 (Defs.' Mem. Law Supp. Summ. J.); a written transcript of portions of Jimmy Stephanopoulos' deposition on November 4, 2002 (Seligman Decl., Ex. B) (hereinafter "Stephanopoulos Dep. Part 1"); a written transcript of portions of Jimmy Stephanopoulos' deposition on November 4, 2002 (Seligman Decl., Ex. D) (hereinafter "Stephanopoulos Dep. Part 2").

of deliberate indifference to serious medical needs was not supported by any evidence; (5) any claim against Stukonis arising from Queens Central Booking ("QCB") should be dismissed for lack of personal involvement; (6) Plaintiff could not show that a policy, custom, or practice of the City of New York existed that violated his constitutional rights; (7) Plaintiff's conspiracy claim was conclusory and speculative, and not supported by any credible evidence; (8) Plaintiff's Fourteenth Amendment claim failed as a matter of law; (9) Plaintiff's claims sounding in negligence were not actionable under § 1983; and (10) in the absence of any federal claims, Plaintiff's pending state law claims should be dismissed for lack of subject matter jurisdiction. (Defs.' Mem. Law Supp. Summ. J. at 1-2). Plaintiff's attorney, Thomas Sheehan, did not file any opposition papers to Defendants' summary judgment motion.

On February 28, 2005, This Court granted Defendants' motion for summary judgment in its entirety. Even though Defendants' motion was unopposed, the Court applied the same rigorous standard in deciding the motion as it would in a case in which the motion for summary judgment were opposed:

> The same standard applies where, as here, the nonmoving party "chooses the perilous path" of failing to oppose a summary judgment motion. Amaker v. Foley, 274 F.3d 677, 681 (2d Cir. 2001); Vermont Teddy Bear Co., Inc. v. 1-800 Beargram Co., 373 F.3d 241, 244 (2d Cir. 2004) ("[W]e hold that the failure to oppose a motion for summary judgment alone does not justify the granting of summary judgment. Instead, the district court must still assess whether the moving party has fulfilled its burden of demonstrating that there is no genuine issue of material fact and its entitlement to judgment as a matter of law.") The district court "may not rely solely on the statement of undisputed facts contained in the moving party's Rule 56.1 statement. It must be satisfied that the citation to evidence in the record supports the assertion." Vermont Teddy Bear Co., 373 F.3d at 244.

Stefanopoulos v. City of New York, No. 01 CV 0771 (SJ)(VVP) (E.D.N.Y. Feb.25,

2005). Applying this standard, this Court concluded that summary judgment was appropriate.

On March 7, 2005, the Clerk of the Court entered judgment against Plaintiff. Plaintiff did not move to alter or amend the Court's judgment within ten days of entry pursuant to Rule 59(e), nor did he make any efforts to appeal the award of summary judgment within thirty days pursuant to Rule 4(a)(1)(A).

On May 12, 2006, Plaintiff filed a Motion to Reconsider on the grounds that his lawyer failed to respond to the Motion for Summary Judgment. Plaintiff also points to his lawyer's suspension from the practice of law and his arrest in August 2001, for soliciting sex with a minor, to show that his lawyer's behavior "denied him justice." Pl.'s Mot. at 1.

## Discussion

Federal Rule of Civil Procedure 60(b) provides, in relevant part, that relief from a judgment may be provided upon a finding of:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud . . . misrepresentation, or other misconduct of an adverse party . . . or (6) any other reason justifying relief from the operation of the judgment.

Fed. R. Civ. P. 60(b). Properly applied, Rule 60(b) strikes a balance between serving the ends of justice and preserving the finality of judgments. House v. Secretary of Health and Human Services, 688 F.2d 7, 9 (2d Cir.1982). Final judgments should not "be lightly reopened." Id. A motion seeking such relief is addressed to the sound discretion of the district court. See Matter of Emergency Beacon Corp., 666 F.2d 754, 760 (2d Cir.1981).

Although Plaintiff claims that his motion is pursuant to Rule 60(b)(6), he attacks

this Court's previous ruling on the grounds of attorney incompetence. Specifically, Plaintiff complains that "he was denied his day in court because of the conduct of his lawyer who failed to appear on the motion or submit any opposition thereto." Pl.'s Mot. at 5. Therefore, it appears that Plaintiff's Motion is more appropriately deemed a motion for reconsideration pursuant to Rule 60(b)(1).

However, a motion pursuant to Rule 60(b)(1) is time-barred. In terms of the timing of motions, the Rule provides that "[t]he motion shall be made within a reasonable time, and for reasons (1), (2), and (3) not more than one year after the judgment, order, or proceeding was entered or taken." Id. This Court has no discretion to augment the time constraints of Rule 60(b) and the one-year limitation must be strictly enforced. See Lujan v. Nat'l Wildlife Fed'n, 497 U.S. 871, 912-913 (1990)(Blackmun j., dissenting on other grounds). Petitioner's Motion was filed one year and three months after the Order that Petitioner wishes to challenge, far beyond the time limits imposed by Rule 60(b). Any motion for reconsideration filed pursuant to Rule 60(b)(1) must therefore be deemed untimely.

Nor does Plaintiff's motion warrant relief from judgment under Rule 60(b)(6), which has no specific time limit. First off, that section is reserved for grounds for reconsideration which are not already recognized in the first five subsections of Rule 60(b). See Nemaizer v. Baker, 793 F.2d 58, 63 (2d Cir. 1986)("As (b)(6) applies only when no other subsection is available, grounds for relief may not be mistake, inadvertence, surprise or excusable neglect"). As stated above, Plaintiff's asserted grounds for relief are recognized in Rule 60(b)(1).

Moreover, it is well settled in this Circuit that an attorney's gross negligence is

not a basis for relief under Rule 60(b)(6).  See Nemaizer, 793 F.2d at 63 ("An attorney's actions, whether arising from neglect, carelessness or inexperience, are attributable to the client, who has a duty to protect his interests"); see also United States v. Cirami, 535 F.2d 736, 741 (2d Cir.1976) ; United States v. Gelb, 1991 WL 20011 *4 (S.D.N.Y.1991); Jarblum, Solomon & Fornari, P.C. v. Becker, 1990 WL 213031 *3 (S.D.N.Y.1990); Ituarte v. Chevrolet Motor Div., 1989 WL 10562 *4 n. 2 (E.D.N.Y.1989).  Furthermore, there is no indication here that Mr. Sheehan's conduct amounted to "constructive disappearance" or to an equivalent inability to provide adequate representation.  Specifically, Plaintiff fails to demonstrate a nexus between his attorney's immoral conduct and failure to file opposing motion papers.  Although Mr. Sheehan's arrest may be disturbing, it occurred nearly five months after this Court's Order, and, in any event, there is no indication that Mr. Sheehan's behavior had any impact on his ability to file opposition papers in this case.

## Conclusion

Accordingly, this Court finds no basis to vacate its previous orders dismissing Plaintiff's action.  The Court hereby DENIES Plaintiff's Motion for Reconsideration.

SO ORDERED.

Dated: January 17, 2007 _____/s/_____

Brooklyn, NY                                                                  Senior U.S.D.J.